UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

FOOD & WATER WATCH )
1616 P Street NW )
Suite 300 )
Washington, DC 20036 )
                           *Plaintiff*, )
        v. )
)
FOOD AND DRUG ADMINISTRATION )
5600 Fishers Lane )
Rockville, MD 20857-0001 )
)
                          *Defendant.* )

Case: 1:08-cv-00720
Assigned To : Kennedy, Henry H.
Assign. Date : 4/28/2008
Description: FOIA/Privacy Act

## COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

### Introduction

1. Plaintiff Food & Water Watch brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), to compel Defendant Food and Drug Administration (FDA) to disclose the agency's Office of Regulatory Affairs (ORA) Work Plans for Fiscal Years 2001 through 2007. ORA Work Plans are compiled for the management of FDA's programs and field staff resources. Prior years' Work Plans provide a snapshot of the resources that FDA was planning to allocate towards the inspection of regulated product and facilities in each of those fiscal years.

2. The Defendant has withheld the requested materials, even though they do not properly fall within any exemption from disclosure under FOIA.

## Jurisdiction and Venue

3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (2000). Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff Food & Water Watch (FWW) is national non-profit public interest consumer organization, based in Washington, D.C., which works to ensure safe food and clean water. FWW has long advocated for increased funding for FDA to protect public health by performing more physical and laboratory inspections of products and more facility inspections, especially imported food products and foreign food production and processing facilities. Among its other activities, FWW has prepared reports evaluating the adequacy of various government agencies' food inspection programs.

5. Defendant FDA is an agency of the United States, within the meaning of 5 U.S.C. § 552(f). It has possession of, and control over, the records that FWW seeks.

## FDA's Field Activities

6. Each year, it is estimated that a quarter of all Americans, or 76 million people, experiences foodborne illness. Of those, 325,000 are hospitalized and 5,000 die. Paul S. Mead et al., *Food-Related Illness and Death in the United States*, 5 Emerging Infectious Diseases 607-25 (1999).

7. The FDA is charged with protecting the public health by assuring the safety, efficacy, and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation.

8. To accomplish its mission, the agency's field personnel engage in routine field

activities related to regulated facilities and products. Field activities related to inspecting facilities include, among other activities, examining facility records, checking to see whether the facility has performed an adequate hazard analysis plan and is monitoring critical control points from that plan, inspecting whether the facility is engaged in good management practices, and inspecting the conditions under which various products are manufactured, processed, or stored. Field activities related to products may include sample collections, sample analyses, label examinations, product examinations, entry review of shipments offered for import, laboratory analysis, and other activities. FDA's Office of Regulatory Affairs manages all FDA field personnel and activities.

9. FDA's ability to ensure the safety of the nation's food and drug supply with its field activities has come under increased scrutiny after a string of high-profile cases of food-borne illness and drug-related deaths, including *E. coli*-tainted spinach, *salmonella*-contaminated snack foods, melamine-tainted dog foods, and chemically-tainted heparin. In 2006, 205 people were infected with a virulent strain of *E. coli* in connection with packaged fresh spinach. A report done by staff for the Committee on Oversight and Government Reform for the United States House of Representatives found that, even though FDA's goal is to inspect 95 percent of such high-risk facilities at least once yearly, fresh packaged spinach facilities were only inspected every 2.4 years over a seven-year period, less than half of FDA's stated goal. Majority staff report prepared for Chairman Henry A. Waxman and Chairwoman Rosa Delauro, *FDA and Fresh Spinach Safety* (March 2008).

10. A FWW report analyzed FDA data it requested under FOIA and found that FDA physically inspected less than two percent of the 860,000 seafood shipments imported into the United States in 2006. Only 0.59 percent of shipments were tested for contaminants in a

laboratory. Food & Water Watch, *Import Alert: Government Fails Consumers, Falls Short on Seafood Inspections* (July 2007).

11. In December 2007 an independent FDA advisory committee submitted a report to the FDA Commissioner concluding that, "FDA's ability to provide its basic food system inspection, enforcement and rulemaking functions is severely eroded . . .. [T]he FDA cannot sufficiently monitor either the tremendous volume of products manufactured domestically or the exponential growth of imported products." FDA Science Board, *FDA Science and Mission at Risk: Report of the Subcommittee on Science and Technology*, 21 (November 2007).

### Plaintiff's FOIA Request

12. Seeking to analyze and evaluate how FDA has managed its field inspection resources to protect public health and safety, FWW submitted a FOIA and fee-waiver request on August 3, 2007 seeking ORA Work Plans for FY 2001 through FY 2007.

13. Each ORA Work Plan identifies the number of regulated facilities and product types (e.g. dental-related medical devices, fish and seafood products) that the agency had planned to inspect by each FDA region and district in each of those fiscal years.

14. Each Work Plan also identifies the staff resources, expressed in Full Time Equivalents (FTE), that the agency planned to dedicate to each field activity in each FDA region and district for each of its compliance programs for regulated product types and facilities. Examples of FDA compliance programs, most of which are detailed on FDA's web site, include the Import Acidified and Low-Acid Canned Foods program, the Domestic Food Safety program, the Import Foods - General program, the Drug Manufacturing Inspections program, and the Inspection of Medical Device Manufacturers program.

15. FWW plans to use the Work Plans to assess how the FDA allocated its field staff resources across all of its programs to protect public health and safety by inspecting food, drugs, biologics, cosmetics, medical devices, animal feed and drugs, and radiation-emitting products.

### Defendant's Denial of Plaintiff's Request

16. By letter dated August 28, 2007 and signed by Julie Zawisza, Assistant Commissioner for Public Affairs, FDA identified eight Work Plans in its possession. It denied FWW's entire request under FOIA Exemption 2, 5 U.S.C. § 552(b)(2), claiming that the Work Plans were related solely to the internal personnel rules and practices of an agency, and FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), because they would disclose techniques, procedures or guidelines for law enforcement investigations of prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. The agency also cited its regulations and Coastal Delivery Corp. v. U.S. Customs Service, 272 F. Supp. 2d 958, 966 (C.D. Cal 2003).

17. By letter dated September 26, 2007, FWW appealed FDA's denial. It explained that Exemptions 2 and 7(E) do not apply to the requested records because they do not relate solely to the internal personnel rules and practices of an agency, they are not compiled for law enforcement purposes, and their release would not reveal techniques, procedures, or guidelines for law enforcement investigations or prosecutions. Finally, with great detail, FWW showed that disclosure would not reasonably be expected to risk circumvention of the law. FWW showed how the Coastal Delivery Corp. case was inapposite to the Work Plans.

18. By letter dated February 20, 2008, and signed by Christina H. Pearson, Deputy Assistant Secretary for Public Affairs, FDA denied FWW's appeal, re-asserting that, "FDA ORA Work Plans are protected from disclosure pursuant to 5 USC(b)(2)("high 2") and 5 USC 552(b)(7)(E). This denial is supported by the statue, FDA regulations set forth at 21 CFR

20.64(a)(5) and 21 CFR 20.66, and <u>Coastal Delivery Corp</u> v. <u>U.S. Customs Service</u>, 272 F. Supp. 2d 958, 966 (C.D. Cal. 2003)."

## **Claim for Relief**

19. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-18 in the complaint as if fully set forth herein.

20. The materials at issue in this action – the ORA Work Plans – are agency records of the FDA within the meaning of 5 U.S.C. § 552. The Plaintiff has requested release of these records under FOIA, the agency has denied release, and the plaintiffs have exhausted their administrative remedies by filing a timely appeal that has been denied.

21. There is no legal justification for FDA to withhold the records and they do not fall within any FOIA exemption, including 5 U.S.C. §§ 552(b)(2) and 7(E).

22. Defendant has violated the FOIA by failing to disclose these records to the Plaintiff.

## **Relief Requested**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's failure to disclose the records requested by Plaintiff on August 3, 2007 is unlawful;

B. Order Defendant to disclose all the records requested by Plaintiff;

C. Award Plaintiff his costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Award any other relief that the Court deems just and proper.

Respectfully submitted,

/s/ *[signature]*
ZACHARY B. CORRIGAN (D.C. Bar No. 497557)
Food & Water Watch
1616 P Street NW
Suite 300
Washington, DC 20036
(202) 683-2451 (phone)
(202) 683-2452 (fax)
zcorrigan@fwwatch.org (e-mail)

*Attorney for Plaintiff*

Dated:  April 28, 2008

## I (a) PLAINTIFFS
FOOD & WATER WATCH

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
FOOD AND DRUG ADMINISTRATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Montgomery, MD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Zachary B. Corrigan
Food & Water Watch
1616 P St., NW, Suite 300
Washington, DC 20036         202-683-2451

Case: 1:08-cv-00720
Assigned To : Kennedy, Henry H.
Assign. Date : 4/28/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
⊗ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ *Employment Discrimination* | ⦿ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. § 552 (2006), claim to compel Defendant Food and Drug Administration to disclose agency records

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**    **JURY DEMAND:** YES ☐   NO ☒   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 4/28/08   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.