**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FOOD & WATER WATCH** | ) |
| | ) |
|       **Plaintiff** | ) |
|       v. | )   Civil Action No. 08-0720 (HHK) |
| | ) |
| **FOOD AND DRUG ADMINISTRATION** | ) |
| | ) |
|       **Defendant.** | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, the United States Food and Drug Administration (FDA), through counsel, the United States Attorney for the District of Columbia, hereby answers the allegations of the Complaint for Declarative and Injunction Relief as follows:

**FIRST DEFENSE**

The Defendant, the FDA answers each of the numbered paragraphs of the Complaint as follows:

1. This paragraph contains legal conclusions regarding the basis for Plaintiff's lawsuit and accordingly does not require a response. To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

2. Defendant denies that it has improperly withheld any requested materials, and denies Plaintiff's suggestion that Defendant has improperly processed any requested material under the Freedom of Information Act (FOIA).

3. This paragraph contains legal conclusions regarding jurisdiction and venue and accordingly does not require a response. To the extent that a response is deemed required, Defendant admits the allegations of this paragraph.

4.      Defendant submits that the allegations of this paragraph are irrelevant to the resolution of the claim or claims set forth in the Complaint and should be stricken as superfluous. Defendant is otherwise without sufficient knowledge or information to formulate a response to the allegations of this paragraph.

5.      Admitted, except that Defendant is unable to admit that it is in possession of all records sought by Plaintiff, since Plaintiff has not specified exactly what records it is seeking.

6.      Defendant submits that the allegations of this paragraph are irrelevant to the resolution of the claim or claims set forth in the Complaint and should be stricken as superfluous. To the extent that a response is deemed required, Defendant admits that the allegations in paragraph 6 are contained in the article cited in the paragraph.

7-8.    Defendant submits that the allegations of these paragraphs are irrelevant to the resolution of the claim or claims set forth in the Complaint and should be stricken as superfluous. To the extent that a response is deemed required, Defendant denies that the allegations of these paragraphs, compared to wording published by the agency, contains the best statement of the mission and function of the FDA, or any component thereof.

9-11.   Defendant submits that the allegations of these paragraphs are irrelevant to the resolution of the claim or claims set forth in the Complaint and should be stricken as superfluous. To the extent that a response is deemed required, Defendant denies that the allegations of these paragraphs provide a full, complete and accurate statement of the contents of the referenced reports.

12.     Defendant admits that plaintiff submitted a FOIA and fee-waiver request dated August 3, 2007 seeking ORA Work Plans for fiscal years 2001 through 2007, but Defendant is

without knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 12.

13. Defendant denies the allegations in paragraph 13, except to admit that the ORA Work Plans provide FDA field managers with resource and output projections deemed necessary to carry out FDA's mission in the field during the fiscal year and are designed to be effective management tools which can be revised to accommodate emergency situations and unforeseen changes in program priorities.

14. Defendant denies the allegations in the first sentence of paragraph 14, except to admit that the ORA Work Plans provide FDA field managers with resource and output projections deemed necessary to carry out FDA's mission in the field during the fiscal year and are designed to be effective management tools which can be revised to accommodate emergency situations and unforeseen changes in program priorities. Defendant denies the allegations in the second sentence of paragraph 14, except to admit that the FDA Compliance Programs listed in paragraph 14, i.e., the Import Acidified and Low Acid Canned Foods, Domestic Food Safety, Import Foods–General, Drug Manufacturing Inspections, and Inspection of Medical Device Manufacturers, are available on FDA's website.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. To the extent that a response is nonetheless deemed required, Defendant denies the allegations of this paragraph.

16. Defendant admits the allegations in the first sentence of paragraph 16. Defendant denies the remaining allegations in paragraph 16, and to note that the referenced letter contains a full, complete and accurate statement of its contents.

17. Defendant admits the allegations in the first sentence of paragraph 17. Defendant denies the remaining allegations in paragraph 17, except to admit that they are Plaintiff's characterizations of the letter cited therein, and to note that the referenced letter contains a full, complete and accurate statement of its contents.

18. Defendant denies the allegations in paragraph 18, except to admit that a letter dated February 20, 2008, signed by Christina H. Pearson was sent to Plaintiff and that the quotation referenced in paragraph 18 is contained in the letter. Defendant also notes that the referenced letter contains a full, complete and accurate statement of its contents.

19. In response to the allegations of paragraph 19, Defendant repeats and incorporates its responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

20. Admitted, except that since Plaintiff did not define fully the scope of the term "ORA Work Plans," Defendant is unable to admit whether such materials are at issue or are agency records of the FDA.

21. Denied.

22. Denied.

The remainder of Plaintiff's Complaint is its request for relief, to which no answer is required, but insofar as an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further denies each and every allegation in the Complaint that heretofore has not been specifically answered or otherwise responded to.

WHEREFORE, FDA demands as follows:

1. Judgment in its favor and against Plaintiff;

2. For all costs incurred herein; and

3. For any and all relief to which they may appear to be entitled.

                Respectfully submitted,

                /s/
                JEFFREY A. TAYLOR, D.C. Bar # 498610
                United States Attorney

                /s/
                RUDOLPH CONTRERAS, D.C. Bar # 434122
                Assistant United States Attorney

                /s/
                OLIVER W. McDANIEL, D.C. Bar #377360
                Assistant United States Attorney
                Civil Division
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 616-0739 / (202) 514-8780 (Facsimile)

Of Counsel:

THOMAS R. BARKER
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation
Food and Drug Division

JESSICA L. ZELLER
Associate Chief Counsel
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD 20857
(301) 827-8577

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2008, I caused the foregoing Answer to be served on Counsel for the Plaintiff, Zachary B. Corrigan, by the Electronic Case Filing System (ECF) or, if this means fails, then by U.S. mail, addressed to:

Zachary B. Corrigan, Esquire
Food & Water Watch
1616 P Street, N.W.
Washington, D.C. 20036

/s/
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739